UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

LINDA D. GOLDSBERRY
Debtor

CASE NO. 15-32042
CHAPTER 13
JUDGE: Opperman

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on 9-14 , 2015.

By: [X] U.S. Mail [ ] FAX
    [ ] Hand Delivered [ ] Overnight Courier
    [ ] Certified Mail [ ] Other:
Signature _____

**PLAN SUMMARY**

*For informational purposes only.*

ACP: 60 Months
Minimum Plan Length: 36 Months
Plan payment: $1,050.00 per Month
Minimum dividend to Class 9 Creditors $ _____
Percentage of Tax Refunds committed 0%

**CHAPTER 13 PLAN**

[ X ] Original   OR   [ ] Pre-Confirmation Modification # _____   [ ] Post-Confirmation Modification # _____

**NOTICE TO CREDITORS:**
YOUR RIGHTS MAY BE AFFECTED. THIS PLAN MAY BE CONFIRMED AND BECOME BINDING WITHOUT FURTHER NOTICE OR HEARING UNLESS A TIMELY WRITTEN OBJECTION IS FILED.
READ THIS DOCUMENT CAREFULLY AND SEEK THE ADVICE OF AN ATTORNEY.

I. **STANDARD MODEL PLAN; INCORPORATION OF ADDITIONAL TERMS, CONDITIONS AND PROVISIONS; ALTERATIONS NOTED:**

   A. THIS PLAN IS SUBJECT TO AND INCORPORATES BY REFERENCE THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS WHICH MAY BE FOUND AT WWW.13EDM.COM or WWW.MIEB.USCOURTS.GOV.

   INTERESTED PARTIES MAY ALSO OBTAIN A WRITTEN COPY OF THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS APPLICABLE TO CHAPTER 13 PLANS FROM DEBTOR'S COUNSEL UPON WRITTEN REQUEST.

II. **APPLICABLE COMMITMENT PERIOD; PLAN PAYMENTS; PLAN LENGTH; EFFECTIVE DATE AND ELIGIBILITY FOR DISCHARGE:**

   A. X Debtor's Current Monthly Income exceeds the applicable State median income. Debtor's Applicable Commitment Period is 60 months. Debtor's Plan Length shall be 60 months from the date of entry of the Order Confirming Plan.

   B. Debtor's plan payment amount is **$1,050.00** per month.

   C. Future Tax Refunds. *See Paragraph A of the Additional Terms, Conditions and Provisions for additional information regarding Tax Refunds and Tax Returns.*

   1. X Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *includes* a proration for anticipated Federal Tax Refunds. Debtor is not required to remit Federal Tax Refunds in excess of the amount of the proration shown on Schedule I.

   D. ☐ if the box to the immediate left is "checked", the debtor acknowledges that debtor **is not** eligible for a discharge pursuant to 11 USC §1328.

   ☐ if the box to the immediate left is "checked", the joint debtor acknowledges that joint debtor **is not** eligible for a discharge pursuant to 11 USC §1328.

E. ☐ if the box to the immediate left is "checked", the debtor or joint debtor is self-employed **AND** incurs trade credit in the production of income from such employment. Debtor shall comply with the requirements of Title 11, United States Code, and all applicable Local Bankruptcy Rules regarding operation of the business and duties imposed upon the debtor.

III. **DESIGNATION AND TREATMENT OF CLASSES OF CLAIMS:** *See Paragraph F of the Additional Terms, Conditions and Provisions for additional information regarding the order in which claims are to be paid.*

    A. CLASS ONE – **TRUSTEE FEES** as determined by statute.

    B. CLASS TWO – **ADMINISTRATIVE CLAIMS, INCLUDING ATTORNEYS FEES AND COSTS:**

        1. **PRE-CONFIRMATION ATTORNEY FEES:** At confirmation of the Plan, Counsel shall elect to either:
            a. In lieu of filing a separate fee application pursuant to 11 USC §327 and §330, accept the sum of $3,500.00 for services rendered plus $375.00 for costs advanced by Counsel, for total Attorney Fees and Costs of $3,875.00 through the Effective Date of the Plan. The total Attorney Fees and Costs less the sum of paid to Counsel prior to the commencement of this case as reflected in the Rule 2016(b) Statement leaving a net balance due of $2,950.00, will be paid as an Administrative Expense Claim; **or**
            b. Request an award of compensation for services rendered and recovery of costs advanced by filing a separate Application for Compensation for services rendered up through the date of entry of the Order Confirming Plan pursuant to 11 USC §327 and §330. If Counsel elects to file a fee application pursuant to this sub-paragraph, the Trustee shall escrow $5,000.00 for this purpose. *See Paragraph B of the Additional Terms, Conditions and Provisions for additional information.*

        2. **POST-CONFIRMATION ATTORNEY FEES:** *See Paragraph D of the Additional Terms, Conditions and Provisions for additional information.*

        3. **RETENTION OF OTHER PROFESSIONALS FOR POST-PETITION SERVICES: NOT APPLICABLE**

        4. **OTHER ADMINISTRATIVE EXPENSE CLAIMS:** Any administrative expense claims approved by Order of Court pursuant to 11 USC §503 shall be paid as a Class Two administrative claim. *See Paragraph E of the Additional Terms, Conditions and Provisions for additional information.*

    C. CLASS THREE – **SECURED CLAIMS TO BE STRIPPED FROM THE COLLATERAL AND TREATED AS UNSECURED CLAIMS TO BE PAID BY TRUSTEE.** If the Debtor and the Lienholder agree to the lien strip, the Debtor and Lienholder shall file a Stipulation in the bankruptcy case and submit a proposed Order accomplishing the lien strip. If the Debtor does not have the agreement of the Lienholder, then Debtor shall timely file an Adversary Proceeding as required by the Administrative Orders, Guidelines and Procedures promulgated by the Bankruptcy Court for the Eastern District of Michigan. *See Paragraph G and Paragraph N of the Additional Terms, Conditions and Provisions for additional information.* NONE

    D. CLASS FOUR - **SECURED CLAIMS ON WHICH THE LAST CONTRACTUAL PAYMENT IS DUE BEYOND THE LENGTH OF THE PLAN. 11 USC §1322(b)(5).**

        a. **Continuing Payments that come due on and after the date of the Order for Relief** (*See Paragraph P, Paragraph L and Paragraph EE of the Additional Terms, Conditions and Provisions for additional information*):

| Creditor | Collateral | Monthly Payment | Direct, Via Trustee or Surrendered |
|---|---|---|---|
| Credit Union One | 2010 Toyota Corolla | $237.60 | Direct |
|  |  |  |  |

        2. **Pre-Petition Arrearages to be paid by Trustee:** Those amounts which were due as of the filing of the Order for Relief:

|  |  | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
|---|---|---|---|---|
| CHASE | 2302 E. 2ND ST, FLINT MI | 400.00 | 400.00 | 24 |

|  | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From <u>Confirmation Date</u> |
|---|---|---|---|
|  |  |  |  |

E. CLASS FIVE - SECURED CLAIMS ON WHICH THE LAST PAYMENT WILL BECOME DUE WITHIN THE PLAN DURATION. 11 USC §1322(c)(2). *(See Paragraph H, Paragraph L and Paragraph O of the Additional Terms, Conditions and Provisions for additional information)*:

1. Creditors to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(B):

| Creditor/Collateral | Indicate if modified or surrendered | Market value of collateral | Interest rate (Present Value Rate) | Total to be paid Including Interest | Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| CHASE MORTGAGE-HOUSE | NO | 40,000.00 | 3.125 | 6,800.00 ESTIMATED | 400.00 | TRUSTEE |
| GREENTREE-HOUSE | NO | 40,000.00 |  | 35,849.00 | 560.14 | DIRECT |
| WELLS FARGO-2008 SATURN | NO | 5,500.00 |  | 5,442.38 | 180.00 | TRUSTEE |
|  |  |  |  |  |  |  |

2. Creditors not to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(A): NONE

F. CLASS SIX – EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES. 11 USC §§365, 1322(b)(7): – Debtor assumes the executory contracts and unexpired leases listed in subparagraph 1. *(See Paragraph K of the Additional Terms, Conditions and Provisions for additional information)*: **NONE**

G. CLASS SEVEN – PRIORITY UNSECURED CLAIMS. 11 USC §§507, 1322(a)(2). NONE

H. CLASS EIGHT – SEPARATELY CLASSIFIED UNSECURED CLAIMS. 11 USC §1322(b)(1): *(To be paid by Trustee)*: *(See Paragraph M of the Additional Terms, Conditions and Provisions for additional information)*: NONE

I. CLASS NINE - GENERAL UNSECURED CLAIMS *(to be paid by Trustee)*: – See Paragraph N of the Additional Terms, Conditions and Provisions for additional information.

XX This Plan shall provide a total sum for distribution to creditors holding Class 9 General Unsecured claims in an amount that is not less than the Amount Available in Chapter 7 shown on Attachment 1, Liquidation Analysis and Statement of Value of Encumbered Property (the "Unsecured Base Amount"). This Plan shall provide either (i) the Unsecured Base Amount; or (ii) will continue for the full Plan Length as indicated in Paragraph II.A of this Plan, which ever yields the greater payment to Class 9 Unsecured Creditors. See Attachment 2, Chapter 13 Model Worksheet, Line 8, for additional information concerning funds estimated to be available for payment to Class 9 Unsecured Creditors.

IV. OTHER PROVISIONS: NONE

/s/John A. Streby

JOHN A. STREBY (P-26397)
**Attorney for Debtor-Defendant**
**444 Church Street**
**Flint MI 48502**
(810) 767-2700
johnstreby@gmail.com

## ATTACHMENT 1

### LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY:

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| PERSONAL RESIDENCE | | | | | |
| Garnished funds | 950.00 | 0 | 950.00 | 950.00 | 0 |
| HHG/PERSONAL EFFECTS | 5,000.00 | 0 | 5,000.00 | 5,000.00 | 0 |
| 2008 Saturn | 5,500.00 | 5,442.38 | 57.62 | 57.62 | 0 |
| Elga Credit Union account | 100.00 | 0 | 100.00 | 100.00 | 0 |
| 1997 Buick Century | 800.00 | 0 | 800.00 | 800.00 | 0 |
| Whole Life Policy | 3,351.00 | 0 | 3,351.00 | 3,351.00 | 0 |
| | | | | | |
| Defined Compensation Retirement Plan through employment of Debtor | 100% | 0 | 100% | 100% | 0 |

# ATTACHMENT 2

## CHAPTER 13 MODEL WORKSHEET
## LOCAL BANKRUPTCY RULE 3015-1(B)(2) E.D.M.

1. Proposed length of Plan: 60 months

2. Initial Plan Payment:
   $1,050.00 per month x 60 months =     $63,000.00   (subtotal) (after confirmation)

3. Additional Payments: $1,050.00 per month =     $4,200.00   (subtotal) (prior to confirmation)

4. Lump Sum Payments     = $_____   (subtotal)

5. Total to be paid into Plan (total of lines 2 through 4)     $67,200.00

6. Estimated Disbursements other than to Class 9 General Unsecured Creditors

   a. Estimated Trustee Fees     $2,352.00

   b. Estimated Attorney Fees and costs through confirmation of plan     $2,950.00

   c. Estimated Attorney Fees and costs Post-confirmation through duration of Plan     $2,500.00

   d. Estimated Fees of Other Professionals     $0

   e. Total mortgage and other continuing secured debt payments     $15,200.00

   f. Total non-continuing secured debt payments (including interest)     $_____

   g. Total Priority Claims     $_____

   h. Total arrearage claims     $961.00

7. Total Disbursements other than to Class 9 General Unsecured Creditors (Total of lines 6.a through 6.h)     $23,963.00

8. Funds *estimated* to be available for Class 9 General Unsecured Creditors (Line 5 minus Line 7)     $43,237.00

9. Estimated dividend to Class 9 General Unsecured Creditors in Chapter 7 proceeding (see liquidation analysis on Page 6)     $0

COMMENTS:

Chapter 13 Model Plan – version 3.0

15-32042-dof    Doc 19    Filed 09/11/15    Entered 09/11/15 14:25:35    Page 5 of 5

5